**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FAY RUBIN,<br><br>Plaintiff,<br><br>v.<br><br>TRANSWORLD SYSTEMS, INC.,<br><br>Defendant. | Civ. A. No. 3:22-cv-00620(GC)(DEA)<br><br>**MEMORANDUM ORDER** |

CASTNER, District Judge

This matter comes before the Court upon Defendant Transworld Systems, Inc.'s ("Defendant") letter apprising the Court of the recent decision in *Daye v. Allied Interstate, LLC*, No. 21-7582 (FLW)(TJB), filed August 26, 2022 (hereinafter, "*Daye*"), in which the Honorable Freda L. Wolfson, U.S.D.J., remanded to the Superior Court of New Jersey a Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, action for lack of subject matter jurisdiction. (*See* Sept. 8, 2022 Letter, ECF No. 21.) For the reasons set forth herein, and for good cause shown, Defendant's request that the Court enter an order remanding this matter pursuant to Chief Judge Wolfson's ruling in *Daye* is **GRANTED**.

**I.    BACKGROUND**

*Daye* clarifies the application of recent Supreme Court precedent in this district,[1] specifically whether Defendant's use of a third-party letter vendor to collect a debt from Plaintiff

---

[1] The decision in *Daye* follows two Supreme Court opinions clarifying the requirements in pleading harm when asserting statutory violations, *Spokeo, Inc. v. Robbins*, 578 U.S. 330 (2016), and *TransUnion v. Ramirez*, 141 S. Ct. 2190 (2021).

Fay Rubin ("Plaintiff") is enough to establish that Plaintiff suffered an injury-in-fact sufficient to confer standing to sue in federal court.

On August 11, 2021, Plaintiff commenced a civil action in the Superior Court of New Jersey, *Fay Rubin v. Transworld Systems, Inc.*, Case No. OCN-L-002066-21. (*See generally* Compl., Notice of Removal Ex. A, ECF No. 1-2.) Plaintiff alleges Defendant violated 15 U.S.C. § 1692c(b) by using a third-party vendor to issue a collection letter to her for a medical bill. (*See* Compl. ¶¶ 6-9.) Plaintiff asserts that "[i]n doing so, Defendant disclosed Plaintiff's personal information to a third party in violation of the FDCPA, including the fact that Plaintiff owed a medical debt." (*Id.* ¶ 10.)

Defendant removed the action to the District Court for the District of New Jersey pursuant to 28 U.S.C. § 1331. On February 14, 2022, Defendant filed a Motion to Dismiss that is currently pending before this Court. (*See* ECF No. 4.) On September 8, 2022, Defendant submitted its letter to the Court requesting that, in light of Chief Judge Wolfson's recent decision in *Daye*, the case be remanded.

## II.   DISCUSSION

In *Daye*,[2] Chief Judge Wolfson held that sharing debtor information with a third-party vendor does not give rise to an injury sufficient to establish Article III standing if the information is not made public and is only shared via private mail. (*See Daye* 4-6, Sept. 8, 2022 Letter Ex. A, ECF No. 20-1.) Similarly to this case, the plaintiff in *Daye* alleged that a debt collector violated 15 U.S.C. § 1692c(b), which "precludes debt collectors from 'communicat[ing], in connection

---

[2] Defendant also highlights that remand orders have been entered in similar matters, including *Miller v. Convergent Outsourcing, Inc.*, No. 22-1386-KM-ESK, and *Dervitz v. Transworld Systems, Inc.*, No. 21-19832-JXN-CLW. These matters specifically were part of a request to consolidate thirty-two (32) other FDCPA actions, *Daye* among them, initiated by various plaintiffs against several different defendants. (*See Daye* 2 n.1.)

2

with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector without prior consent of the consumer or express permission of the court.'" (*See id.* at 4.) Chief Judge Wolfson highlighted that "[s]everal courts in this district have rejected 'mail vendor' claims as insufficient to establish Article III standing due to lack of publicity inherent in the analogous tort of public disclosure of private facts." (*Id.* (citing *Rohl v. Pro. Fin. Co., Inc.*, No. 21-17507, 2022 WL 1748244 (D.N.J. May 31, 2022); *Pagan v. Convergent Outsourcing, Inc.*, No. 21-12130, 2022 LEXIS 71428 (D.N.J. Mar. 30, 2022*); Barclift v. Keystone Credit Servs., LLC*, No. 21-4335, 2022 Wl 444267 (E.D. Pa. Feb. 14, 2022); *Foley v. Medicredit, Inc.*, No. 21-19764, 2022 WL 3020129 (D.N.J. July 29, 2022) (all rejecting FDCPA claims for bare statutory violations without allegations of concrete harm); *see also Madlinger v. Enhanced Recovery Co., LLC*, No. 21-00154, 2022 WL 2442430 (D.N.J. July 5, 2022) (holding that the plaintiff lacked standing when she attempted to sustain a § 1692c(b) claim by alleging that her information was shared with a third-party vendor without alleging harm).)

In accord with the Supreme Court's decisions in *Spokeo* and *TransUnion*, the Court finds that Plaintiff's allegations that her information was disclosed to a third-party vendor in contravention of § 1692c(b) is not enough to establish Article III standing before this Court.

### III.     CONCLUSION & ORDER

For the foregoing reasons, and good cause shown, Defendant's request that this matter be remanded in accord with recent precedent is hereby **GRANTED**. Accordingly,

**IT IS**, on this 6th day of October 2022,

**ORDERED** that Defendant's request to remand the instant matter to the Superior Court of New Jersey, Ocean County, is **GRANTED**; and it is further

**ORDERED** that this matter shall be remanded to the Superior Court of New Jersey, Ocean County; and it is further

**ORDERED** that Defendant Transworld Systems, Inc.'s pending Motion to Dismiss (*see* ECF No. 4) is hereby terminated as moot; and it is further

**ORDERED** that the Clerk is directed to close this case.

*[signature]*
**GEORGETTE CASTNER**
**United States District Judge**